LATHAM & WATKINS LLP
Joseph B. Farrell (Bar No. 137435)
*joe.farrell@lw.com*
Thomas W. Yeh (Bar No. 287118)
*thomas.yeh@lw.com*
Dixie C. Tauber (Bar No. 321692)
*dixie.tauber@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Patricia Young (Bar No. 291265)
*patricia.young@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Matthew W. Walch
*matthew.walch@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Defendant XP Power LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

COMET TECHNOLOGIES USA INC., a Delaware corporation, COMET AG, a Swiss corporation, and YXLON International GmbH, a German corporation,

Plaintiffs,

v.

XP POWER LLC, a California Limited Liability Company,

Defendant.

Case No. 5:20-cv-06408-NC

**XP POWER LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

**ANSWER TO PLAINTIFFS' COMPLAINT[1]**

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant XP Power, LLC ("XP"), by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by Plaintiffs Comet Technologies USA Inc., Comet AG, and YXLON International GmbH (collectively, "Plaintiffs") in their Complaint ("Complaint"). Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint.

**INTRODUCTION**

1. XP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2. XP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3. XP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them.

4. XP admits that it acquired Comdel Inc., which offers RF power supply solutions. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 4.

5. XP admits that it hired Douglas Beuerman ("Beuerman"), Christopher Mason ("Mason"), and Eiji Mori ("Mori") to work on RF matching technology. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 5.

6. XP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 6, and therefore denies them.

7. XP denies the allegations in paragraph 7.

8. XP denies the allegations in paragraph 8.

9. Paragraph 9 states legal conclusions to which no response is required.

**PARTIES**

10. XP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them.

---

[1] XP denies all allegations in the Complaint except as otherwise affirmatively admitted herein.

11. XP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12. XP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13. XP admits that it is a California limited liability company with a principal place of business located at 990 Benecia Avenue in Sunnyvale, California, 94085 and is a wholly-owned subsidiary of XP Power Ltd. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 13.

**JURISDICTION**

14. Paragraph 14 is a legal conclusion for which no response is required. For the avoidance of doubt, XP does not contest the jurisdiction of this Court.

15. Paragraph 15 is a legal conclusion for which no response is required. For the avoidance of doubt, XP does not contest the jurisdiction of this Court.

**VENUE**

16. Paragraph 16 is a legal conclusion for which no response is required. To the extent a response is required, XP admits that it resides in the Northern District of California and conducts business in that District. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 16.

**INTRADISTRICT ASSIGNMENT**

17. XP lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

**FACTUAL ALLEGATIONS**

**Comet Diligently Protects Its Trade Secrets and Confidential Information**

18. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20. XP lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 20, and therefore denies them.

21. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

**The XP Employees**

22. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them.

24. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them.

25. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

27. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies them.

28. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them.

29. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies them.

**The XP Employees' Confidentiality Obligations**

30. XP admits that Beuerman signed a Proprietary Information, Inventions and Non-Compete Agreement with Comet. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 30.

31. XP admits that Mason signed a Proprietary Information, Inventions and Non-Compete Agreement with Comet. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 31.

32. XP admits that Mori signed a Proprietary Information, Inventions and Non-

Compete Agreement with Comet. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 32.

33. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies them.

34. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies them.

**The XP Employees Conspire with XP to Leave Comet and Join XP**

35. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies them.

36. XP admits that Jay Warner ("Warner") had a discussion with Mason regarding possible employment in November 2017. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 36.

37. XP admits that Warner had a meeting with Mason in December 2017. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 37.

38. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies them.

39. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies them.

40. XP admits that it offered employment to Mason, Beuerman, and Mori in January 2018. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 40.

41. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies them.

42. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore denies them.

43. XP admits that Beuerman contacted Warner on January 16, 2018 to inquire about his start date. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 43.

44. XP lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 44, and therefore denies them.

45. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies them.

46. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies them.

47. XP admits that it required Mason, Beuerman, and Mori to sign employee non-solicitation restrictions as a condition of joining XP. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 47.

**Beuerman's Unlawful Theft of Comet's Trade Secret and Proprietary Information for the Benefit of New Employer Defendant XP**

48. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies them.

49. XP admits that Warner began discussions with Beuerman regarding possible employment in December 2017. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 49.

50. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies them.

51. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies them.

52. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies them.

53. XP admits paragraph 53.

54. XP admits that on or about January 11, 2018, it extended to Beuerman an offer of employment with the title Engineering Director, RF Matching Networks. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 54.

55. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore denies them.

56. XP lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 56, and therefore denies them.

57. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore denies them.

58. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore denies them.

59. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore denies them.

60. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore denies them.

61. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore denies them.

62. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore denies them.

63. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore denies them.

64. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore denies them.

65. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore denies them.

66. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore denies them.

67. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and therefore denies them.

**Mason's Unlawful Theft of Comet's Trade Secret and Proprietary Information for the Benefit of New Employer Defendant XP**

68. XP admits that on January 15, 2018 it extended to Mason an offer of employment with the title Senior Member of Technical Staff RF Engineer. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 68.

69. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore denies them.

**<u>Mori's Unlawful Theft of Comet's Trade Secret and Proprietary Information for the Benefit of New Employer Defendant XP</u>**

70. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and therefore denies them.

71. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and therefore denies them.

72. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and therefore denies them

73. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore denies them.

74. XP admits that Mori sent emails to Warner explaining his general work experience at Comet. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 74.

75. XP admits that Mori provided XP with a resume. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 75.

76. XP admits that it invited Mori for an interview and hired him to join its research and development team. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 76.

77. XP denies the allegations in paragraph 77.

78. XP denies the allegations in paragraph 78 as to XP. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the XP Employees in paragraph 78, and therefore denies them.

**<u>Beuerman Resigns from Comet and Reaffirms His Promises to Protect Comet's Trade Secrets/Confidential Information</u>**

79. XP admits that Beuerman accepted his position at XP on or around January 15, 2018. Otherwise, XP lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 79, and therefore denies them.

80. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore denies them.

81. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore denies them.

82. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore denies them.

83. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and therefore denies them.

**Mason Resigns from Comet and Reaffirms his Promises to Protect Comet's Trade Secrets/Confidential Information**

84. XP admits that Mason accepted his position at XP on or around January 16, 2018. Otherwise, XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and therefore denies them.

85. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, and therefore denies them.

86. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and therefore denies them.

87. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, and therefore denies them.

88. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and therefore denies them.

**Mori Resigns from Comet and Reaffirms his Promises to Protect Comet's Trade Secrets/Confidential Information**

89. XP admits that Mori accepted his position at XP on or around January 15, 2018. Otherwise, XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and therefore denies them.

90. XP lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 90, and therefore denies them.

91. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and therefore denies them.

92. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and therefore denies them.

93. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and therefore denies them.

**XP Recruits Comet's Independent Contractors to Misappropriate Comet's Trade Secrets and Create a Competing Product**

94. XP admits that it hired Yibing Ma after March 2018 to assist with RF-related matters. Except as expressly admitted herein, XP otherwise denies the allegations in paragraph 94.

95. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, and therefore denies them.

96. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, and therefore denies them.

**Additional Allegations Regarding XP's Misappropriation of Comet's Match Network Trade Secrets**

97. XP denies the allegations in paragraph 97.

98. XP denies the allegations in paragraph 98.

99. XP admits that it retained Mori's resume. Except as expressly admitted herein, XP denies the remaining allegations in paragraph 99.

100. XP denies the allegations in paragraph 100.

**FIRST CAUSE OF ACTION**

**Violation of the Defend Trade Secrets Act (18 U.S.C. § 1836 *et seq.*)**

101. XP restates and incorporates by reference its responses to the allegations from paragraphs 1-100, as if fully set forth herein.

102. XP lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 102, and therefore denies them.

103. Paragraph 103 states legal conclusions to which no response is required. To the extent a response is required, XP Power denies the allegations in paragraph 103.

104. XP denies that it accessed, used, copied, forwarded, or downloaded to private external drives any of Comet's trade secrets. XP lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in paragraph 104, and therefore denies them.

105. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, and therefore denies them.

106. XP denies the allegations in paragraph 106 as to XP. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the XP Employees in paragraph 106, and therefore denies them.

107. XP denies the allegations in paragraph 107 as to XP. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the XP Employees in paragraph 107, and therefore denies them.

108. XP denies the allegations in paragraph 108.

109. Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required, XP Power denies the allegations in paragraph 109.

110. XP denies the allegations in paragraph 110.

111. XP denies the allegations in paragraph 111.

112. XP denies the allegations in paragraph 112.

113. XP denies the allegations in paragraph 113.

114. XP denies the allegations in paragraph 114.

115. XP denies the allegations in paragraph 115.

116. XP denies the allegations in paragraph 116.

117. XP denies the allegations in paragraph 117.

**SECOND CAUSE OF ACTION**

**Violation of the California Uniform Trade Secrets Act (Cal. Civ. Code § 3426 *et seq.*)**

118. XP restates and incorporates by reference its responses to the allegations from

paragraphs 1-117, as if fully set forth herein.

119. Paragraph 119 states legal conclusions to which no response is required. To the extent a response is required, XP Power denies the allegations in paragraph 119.

120. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and therefore denies them.

121. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and therefore denies them.

122. XP denies the allegations in paragraph 122 as to XP. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the XP Employees in paragraph 122, and therefore denies them.

123. XP denies the allegations in paragraph 123 as to XP. XP lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the XP Employees in paragraph 123, and therefore denies them.

124. XP denies the allegations in paragraph 124.

125. XP denies the allegations in paragraph 125.

126. XP denies the allegations in paragraph 126.

127. XP denies the allegations in paragraph 127.

128. XP denies the allegations in paragraph 128.

129. XP denies the allegations in paragraph 129.

130. XP denies the allegations in paragraph 130.

131. XP denies the allegations in paragraph 131.

132. XP denies the allegations in paragraph 132.

133. XP denies the allegations in paragraph 133.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, XP denies that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

**GENERAL DENIAL**

XP denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

**AFFIRMATIVE DEFENSES**

Defendant XP asserts the following affirmative defenses. XP currently has insufficient knowledge or information upon which to form a belief as to other potential affirmative defenses that may be available to it, and expressly reserves the right to amend or supplement this Answer and its Affirmative Defenses, as well as to assert any and all additional or alternative defenses under any applicable law or regulation, in the event that discovery reveals that such defenses are available. The statement of any defense herein does not assume the burden of proof for any issue as to which the applicable law places the burden of proof on plaintiffs.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Damages)**

Plaintiffs are barred from recovery, in whole or in part, because Plaintiffs have not suffered any injury or harm as a result of any action or omission by XP.

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims are barred by the doctrine of unclean hands as a result of, among other things, their attempts at stifling fair competition.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

As a result of Plaintiffs' own actions and omissions, Plaintiffs are estopped in whole or in part from obtaining the relief that they seek in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Claims Precluded by Civil Code section 16600 *et seq.)***

Plaintiffs are barred from recovery, in whole or in part, because Comet's non-solicitation provisions are invalid and void pursuant to California Civil Code section 16600 *et seq*.

**SIXTH AFFIRMATIVE DEFENSE**

**(Information Readily Accessible by Proper Means)**

Plaintiffs' claims are barred, in whole or in part, because the information that XP is alleged to have misappropriated was readily accessible by proper means.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiffs are barred from recovery, in whole or in part, by the equitable doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Justification/Privilege/Excuse)**

Plaintiffs are barred from recovery, in whole or in part, because XP's actions were privileged, justified, excused, were taken for legitimate business reasons not prohibited by law or contract, and/or because XP at all times acted in good faith and did not directly or indirectly perform any act whatsoever that would constitute a violation of any right of Plaintiffs or any duty owed to Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

**(No Liability for Damages Caused by Third Parties)**

Plaintiffs' claims are barred, in whole or in part, because the damages alleged, to the extent they exist, were caused by actions of third parties for whom XP is not responsible.

**TENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiffs' claims are barred, in whole or in part, because plaintiffs failed to reasonably

mitigate their alleged damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

XP is informed and believes and thereon alleges that no act or omission of it was the cause, proximate or actual, of the damages alleged by Plaintiffs, if any exist.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Unilateral Mistake)**

Plaintiffs' claims are barred by unilateral and bilateral mistakes of fact.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

Plaintiffs are not entitled to injunctive relief as they have, at a minimum, an adequate remedy at law for the claims alleged in the Complaint and no irreparable injury.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Identify Trade Secrets)**

Plaintiffs have failed to adequately identify any trade secrets, including with the particularity required by the Code of Civil Procedure, section 2019.210.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Independent Development)**

XP cannot be liable for alleged misappropriation of information that was independently derived or developed by proper means.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

XP expressly reserves the right to plead additional affirmative defenses and other defenses should any such defenses be revealed by any discovery in this case.

Dated: October 8, 2020

LATHAM & WATKINS LLP

By: /s/ Joseph B. Farrell

Joseph B. Farrell (Bar No. 137435)
joe.farrell@lw.com
Thomas W. Yeh (Bar No. 287118)
*thomas.yeh@lw.com*
Dixie C. Tauber (Bar No. 321692)
*dixie.tauber@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Patricia Young (Bar No. 291265)
*patricia.young@lw.com*
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Matthew W. Walch (*pro hac vice pending*)
*matthew.walch@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767